**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TAYLOR WOLFE,

      Plaintiff,

v.

CARTER'S, INC., *et al.*,

      Defendants.

Case No. 1:19-cv-560
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Magistrate Judge's August 11, 2021, Report and Recommendation ("R&R") (Doc. 42). The Magistrate Judge recommends that the Court **GRANT** the defendant Carter's, Inc.'s Motion for Summary Judgment (Doc. 32), **DENY AS MOOT** Carter's, Inc.'s Motion to Strike (Doc. 39) and **DISMISS** plaintiff Wolfe's case in its entirety.

The R&R advised both parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 42, #826). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by August 25, 2021. The time for filing objections has since passed, and no party has objected.

While that could be the end of the matter, the advisory committee notes on Federal Rule of Civil Procedure 72(b), i.e., the Rule governing objections to Magistrate Judges' R&Rs, suggest that—even when no party objects—the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some courts have taken that at face value, reviewing R&Rs for clear error, even absent an objection. *See, e.g., Mavrakis v. Warden*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

Other courts, however, including this one, have adopted a Magistrate Judge's R&R without explicitly discussing the clear error standard (although that does not necessarily mean that those courts did not apply it tacitly). *See, e.g., Hutchinson v. Comm'r Soc. Sec.*, No. 1:18-cv-761, 2020 WL 3288411, at *1 (S.D. Ohio June 18, 2020) (adopting the R&R, without mentioning clear error review, because "the time period for objection ha[d] run, and no party ha[d] objected"); *McDonald v. Comm'r Soc. Sec.*, No. 2:14-cv-1610, 2016 WL 110530, at *1 (S.D. Ohio Jan. 8, 2016) (same); *Davidson v. Warden*, No. 2:14-cv-115, 2018 WL 5836981, at *1 (S.D. Ohio Oct. 2, 2015) (same); *Hayes v. Warden Noble Corr. Inst.*, No. 2:16-cv-248, 2017 WL 1380613, at *1 (S.D. Ohio Apr. 17, 2017) (same).

The Court need not explore that issue further here, however, as the Court has reviewed the Magistrate Judge's well-reasoned R&R and determined that it does not

contain anything approaching a "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). In a carefully written thirty-five-page opinion, the Magistrate Judge cites the relevant Sixth Circuit standards that apply to the claims at issue here, applies those standards to the facts the parties presented, and comes to what appear to be reasonable conclusions as the each of Wolfe's claims.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 42). The Court thus **GRANTS** Carter's, Inc.'s Motion for Summary Judgment (Doc. 32) and **DENIES AS MOOT** Carter's, Inc.'s Motion to Strike (Doc. 39). The Court **ORDERS** the Clerk to enter final judgment in Carter's, Inc.'s favor and to **TERMINATE** this case on the docket.

SO ORDERED.

September 10, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**